**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ROEL GONZALEZ and** | § | |
| **SONIA GONZALEZ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. B-05-278** |
| | § | |
| **CAMERON COUNTY, TEXAS and** | § | |
| **JESUS VILLANUEVA,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER & OPINION

BE IT REMEMBERED that on June 19, 2006, the Court considered Defendant Jesus Villanueva's Pro Se Answer and Rule 12(b)(6) Plea [Dkt. No. 18].

## Factual and Procedural Background

The events giving rise to the above-styled suit occurred on or about October 31, 2003 when deputies from the Cameron County Sheriff's Department and representatives from Child Protective Services visited the home of Roel and Sonia Gonzalez to remove the Gonzalez' grandchild. The parties do not agree to the facts concerning what occurred after the deputies entered the home. In their complaint [Dkt. No. 13], Plaintiffs allege Villanueva injured Plaintiffs by pushing Sonia Gonzalez down onto a bed and pushing Roel Gonzalez into a wall. Defendant Villaneuva denies that he pushed or injured the Plaintiffs and instead contends that Plaintiffs unlocked the child's bedroom to allow access [Dkt. No. 18]. Plaintiffs brought suit under 42 U.S.C. § 1983 ("§ 1983") claiming Fourth Amendment violations for excessive force and unreasonable search and seizure and under Texas state law for intentional infliction of emotional duress and assault and battery [Dkt. No. 13].

1

Defendant Cameron County filed a motion to dismiss three types of claims: (1) those brought under the Texas Constitution, (2) those brought under 42 U.S.C. § 1983 alleging vicarious liability of Villanueva as a county employee, and (3) those alleging intentional torts by Cameron County [Dkt. No. 6].  Plaintiffs responded that they did not intend to plead any of those claims [Dkt. No. 8].  Plaintiffs agreed to the dismissal of any such claims or to the amendment of the original complaint to clarify their claims.  As the motion was essentially an *unopposed* motion to dismiss three specific types of claims, the Court granted Defendant Cameron County's Rule 12(b)(6) Motion to [Dismiss] Plaintiffs' Complaint and Brief in Support [Dkt. No. 6].

Now Defendant Jesus Villanueva has filed a Rule 12(b)(6) motion to dismiss for failure to state a claim those state statutory and constitutional claims filed against him individually [Dkt. No. 18].  After the Court granted the previous 12(b)(6) motion, the remaining claims against Villanueva are the intentional tort claims: intentional infliction of emotional distress and assault and battery.  At this time, only § 1983 claims remain against Cameron County.  Thus, the points in Villanueva's motion requesting the dismissal of Texas Torts Claims Act and Texas constitutional claims are moot.  The only relevant question is whether official immunity protects Villanueva from the intentional tort claims.

## Standard

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."  *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000); *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247(5th Cir. 1997) (quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  *See also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).  The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

## Analysis

Under the Texas Torts Claims Act ("TTCA"), suit must be brought against the "governmental unit" instead of the individual employee.  *Huntsberry v. Lynaugh*, 807 S.W.2d 16 (Tex. App. - Tyler 1991)(no pet.).  Therefore, Plaintiffs may not seek damages under the TTCA from Jesus Villanueva as an individual.  However, the Plaintiffs' complaint does not seek these claims against Villanueva.

Both intentional infliction of emotional distress and assault and battery are intentional torts.  Defendant Villanueva may be able to successfully prove the affirmative defense of official immunity and thus, may bar such claims.  Government employees are entitled to official immunity for acts that are (1) discretionary; (2) performed in good faith; and (3) within the scope of their official duties.  *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (1994); *see also City of El Paso v. Higginbotham*, 999 S.W.2d 819 (Tex. App. - El Paso 1999); *El Paso County v. Ontiveros*, 36 S.W.2d 711 (Tex. App. - El Paso 2001).  However, the burden is on the defendant to establish all elements of the defense.  *Chambers*, 883 S.W.2d at 653.  Discretionary acts are those which require personal deliberation, decision, and judgment as opposed to ministerial acts which require obedience to orders or the performance of a duty which involves no choice. *Id.* (*citing Wyse v. Dept. of Pub. Safety*, 733 S.W.2d 224, 227 (Tex. App. -Waco 1986, writ ref'd n.r.e.)).  The Texas Supreme Court, favorably citing the federal qualified immunity standard, defined the good faith standard as: "a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the

pursuit" when a police vehicle pursued a suspect on a motorcycle leading to a fatal motorcycle accident.  *Id.* at 656.  At this early stage in the case, Villaneuva has not proven that he is entitled to official immunity.  Accepting the Plaintiffs' well-pleaded facts as true and recognizing that Villanueva has not raised or stated any facts showing that he is entitled to official immunity at this time, the Court **DENIES** Defendant Jesus Villanueva's Pro Se Answer and Rule 12(b)(6) Plea [Dkt. No. 18].

DONE at Brownsville, Texas, this 19th day of June 2006.

Hilda G. Tagle
United States District Judge

4